| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFF**
Halliburton Energy Services, Inc.

**DEFENDANTS**
SHORELINE SOUTHEAST LLC
SHORELINE OFFSHORE LLC
MORGAN STANLEY ENERGY CAPITAL INC.
MORGAN STANLEY CAPITAL GROUP INC.
HIGHBRIDGE PRINCIPAL STRATEGIES LLC

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Jeff Carruth 24001846
Weycer, Kaplan, Pulaski & Zuber, P.C.
3030 Matlock Rd., Suite 201
Arlington, TX 76015
713-341-1158 Fax: (866) 666-5322

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
[ ] Debtor      [ ] U.S. Trustee/Bankruptcy Admin
[x] Creditor    [ ] Other
[ ] Trustee

**PARTY** (Check One Box Only)
[x] Debtor      [ ] U.S. Trustee/Bankruptcy Admin
[x] Creditor    [ ] Other
[ ] Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
Action to determine the priority of the liens asserted by the parties.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ]  11-Recovery of money/property - §542 turnover of property
[ ]  12-Recovery of money/property - §547 preference
[ ]  13-Recovery of money/property - §548 fraudulent transfer
[ ]  14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[x]  21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ]  31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ]  41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ]  51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ]  66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ]  62-Dischargeability - §523(a)(2), false pretenses,
       false representation, actual fraud
[ ]  67-Dischargeability - §523(a)(4), fraud as fiduciary,
       embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ]  61-Dischargeability - §523(a)(5), domestic support
[ ]  68-Dischargeability - §523(a)(6), willful and malicious injury
[ ]  63-Dischargeability - §523(a)(8), student loan
[ ]  64-Dischargeability - §523(a)(15), divorce or separation obligation
       (other than domestic support)
[ ]  65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ]  71-Injunctive relief - imposition of stay
[ ]  72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ]  81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ]  91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ]  01-Determination of removed claim or cause

**Other**
[ ]  SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ]  02-Other (e.g. other actions that would have been brought in state
       court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law

[ ] Check if this is asserted to be a class action under FRCP 23

[ ] Check if a jury trial is demanded in complaint

Demand $

Other Relief Sought:  Declaratory judgment regarding priority of liens.

1270953 [1]

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>  Shoreline Energy LLC, et al. | | BANKRUPTCY CASE NO.<br>**16-35571** |
| DISTRICT IN WHICH CASE IS PENDING<br>  **Southern District of Texas** | DIVISION OFFICE<br>  **Houston** | NAME OF JUDGE<br>  **David R. Jones** |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF<br><br>**ARCHROCK PARTNERS OPERATING LLC (17-03025)**<br><br>**CRG FINANCIAL LLC (17-03026)** | DEFENDANT<br>**SHORELINE SOUTHEAST LLC**<br>**SHORELINE OFFSHORE LLC**<br>**MORGAN STANLEY ENERGY CAPITAL INC.**<br>**MORGAN STANLEY CAPITAL GROUP INC.**<br>**HIGHBRIDGE PRINCIPAL STRATEGIES LLC** | ADVERSARY PROCEEDING NO.<br>  **17-03025, 17-03026** |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>  **Southern District of Texas** | DIVISION OFFICE<br>  **Houston** | NAME OF JUDGE<br>  **David R. Jones** |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>  **/s/ Jeff Carruth**<br>  **Jeff Carruth 24001846** | | |
| DATE<br>**January 23, 2017** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>  **Jeff Carruth 24001846** | |

1270953 [1]

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SHORELINE ENERGY, et al.,[1] | § | Case Case No. 16-35571 (DRJ) |
| | § | |
| DEBTORS. | § | Chapter 11 |
| | § | (Jointly Administered) |

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC., | § | |
| | § | |
| | § | |
| Plaintiff, | § | Adv. Pro. No. _____ |
| | § | |
| v. | § | |
| | § | |
| SHORELINE SOUTHEAST LLC, | § | |
| SHORELINE OFFSHORE LLC, | § | |
| MORGAN STANLEY ENERGY | § | |
| CAPITAL INC., MORGAN STANLEY | § | |
| CAPITAL GROUP, INC., AND | § | |
| HIGHBRIDGE PRINCIPAL | § | |
| STRATEGIES, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT OF HALLIBURTON ENERGY SERVICES, INC. FOR DECLARATORY JUDGMENT REGARDING VALIDITY, ENFORCEABITLITY, PRIORITY, EXTENT, AND AMOUNT OF LIENS ON PREPETITION COLLATERAL UNDER BANKRUPTCY RULE 7001(2)

---

[1]     The Debtors are the following eight entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):   Shoreline Energy LLC (2777), Shoreline Southeast LLC (0562), Shoreline Offshore LLC (2882), Harvest Development LLC (2703), Shoreline GP LLC (5184), Shoreline Central Corporation (1579), Shoreline Entergy Partners, LP (5035), and Shoreline EH LLC (6570).  The address of each Debtor is 16801 Greenspoint Park Drive, Suite 380, Houston, Texas 77060.

**TO THE HONORABLE DAVID R. JONES, U.S. BANKRUPTCY JUDGE:**

Halliburton Energy Services, Inc. ("Halliburton"), files *this Original Complaint of Halliburton Energy Services, Inc. for Declaratory Judgment Regarding Validity, Enforceability, Priority, Extent, and Amount of Liens on Prepetition Collateral* (the "Complaint"), seeking a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, and Bankruptcy Rule 7001(2) regarding the validity, enforceability, priority, extent, and amount of its statutory liens and claims with respect to the Encumbered Properties (as defined below) against (a) Shoreline Southeast LLC ("Shoreline Southeast"); (b) Shoreline Offshore LLC ("Shoreline Offshore") (together with Shoreline Southeast and the other Debtors in the above-captioned, jointly administered case, the "Debtors"); (c) Morgan Stanley Energy Capital Inc. ("Morgan Stanley Energy") in its capacity as (i) Administrative Agent under that certain Third Amended and Restated Creditor Agreement, dated effective as of October 16, 2015, (the "Prepetition First Lien Credit Agreement"), and (ii) Administrative Agent and Sole Lead Arranger under that certain Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement") entered into by and among Shoreline EH, LLC, Shoreline Energy, LLC, Morgan Stanley Energy, and the Lenders (as defined in the DIP Credit Agreement) following entry of the Final DIP Order (defined below); (d) Morgan Stanley Capital Group, Inc., ("Morgan Stanley Capital") as Lender under the (i) Prepetition First Lien Credit Agreement, and (ii) DIP Credit Agreement; and (e) Highbridge Principal Strategies, LLC ("Highbridge") in its capacity as Administrative Agent under that certain Second Lien Credit Agreement, dated effective as of September 30, 2013 (the

"Prepetition Second Lien Credit Agreement"),[2] and in support thereof Halliburton would show the following.

## PARTIES

1.      Halliburton, the Plaintiff, may receive notice and service of papers through the undersigned counsel below.

2.      Defendant Shoreline Southeast is a limited liability company organized under the laws of Delaware with its principal place of business in Houston, Texas.  Shoreline Southeast can be served with process by mailing a copy of the summons and this Complaint to: Shoreline Offshore, LLC, Attn: Thomas A. Howley and Paul M. Green, Jones Day, 717 Texas Avenue, Suite 3300, Houston, Texas 77002.

3.      Defendant Shoreline Offshore is a limited liability company organized under the laws of Delaware with its principal place of business in Houston, Texas.  Shoreline Offshore can be served with process by mailing a copy of the summons and this Complaint to: Shoreline Offshore, LLC, Attn: Thomas A. Howley and Paul M. Green, Jones Day, 717 Texas Avenue, Suite 3300, Houston, Texas 77002.

4.      Defendant Morgan Stanley Energy is a Delaware corporation with its principal place of business in Purchase, New York.  Morgan Stanley Energy may be served with process by mailing a copy of the summons and this Complaint to: Morgan Stanley Energy Capital, Inc., through its Counsel of Record, Nicholas Baker, Simpson Thatcher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017.

---

[2]  Upon information and belief, Morgan Stanley Energy, Highbridge and Shoreline Energy, LLC are party to that certain Intercreditor Agreement, dated as of October 16, 2015, that set forth among other things, the relative lien priorities and other rights and remedies of Morgan Stanley Energy and Highbridge with respect to Prepetition Collateral.

5.      Defendant Morgan Stanley Capital is a Delaware corporation with its principal place of business in Purchase, New York.  Morgan Stanley Capital may be served with process by mailing a copy of the summons and this Complaint to: Morgan Stanley Capital Group, Inc., through its Counsel of Record, Nicholas Baker, Simpson Thatcher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017.

6.      Defendant Highbridge is a limited liability company organized under the laws of Delaware with its principal place of business in New York, New York.  Highbridge may be served with process by mailing a copy of the summons and Complaint to: Highbridge Principal Strategies, LLC, through its Counsel of Record, William L. Wallander, Vinson & Elkins LLP, Trammell Crow Center, 2001 Ross Avenue, Suite 3700, Dallas, Texas 75201-2975.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§157, 1334, and 2201, *et seq*., as well as Rules 3012 and 7001 of the Federal Rules of Bankruptcy Procedure.

8.      This is a core proceeding within the meaning of 28 U.S.C. §§157(b)(2)(A) and (K).

9.      Venue is proper pursuant to 28 U.S.C. §1409.

10.     Pursuant to Local Bankruptcy Rule 7008–1, Halliburton does not consent to the entry of final orders or judgment by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## SUMMARY OF COMPLAINT

11.     Halliburton holds one or more fully secured senior statutory liens and privileges against certain oil and gas wells identified in **Exhibit 1** attached hereto and incorporated by

reference herein (collectively, the "Oil and Gas Properties") and set forth in La. Rev. Stat. Ann.

§9:4863 (together with the Oil and Gas Properties, the "Encumbered Properties") in the

cumulative amount of not less than $125,606.32 as of the Petition Date (as defined below),

exclusive of post-petition interest, attorneys' fees, and costs.

12.     By this Complaint, Halliburton seeks a declaratory judgment under Bankruptcy

Rule 7001(2), Bankruptcy Rule 3012, 11 U.S.C. § 506, and the Federal Declaratory Judgment

Act, 28 U.S.C. §§ 2201, *et seq.*, regarding the validity, enforceability, priority, extent, and

amount of its liens and a determination of Halliburton's allowed secured claim.  Halliburton

further seeks such determination to enforce its lien claim under the Louisiana Oil Well Lien Act,

La. Rev. Stat. Ann. §§ 9:4861, *et seq.* ("LOWLA").

## PROCEDURAL AND FACTUAL BACKGROUND

**A.     Bankruptcy procedural history and debtor in possession financing.**

13.     On November 2, 2016, (the "Petition Date"), each of the Debtors filed voluntary

petitions for bankruptcy relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code") in this Court.

14.     On November 3, 2016, this Court issued an *Order Directing the Joint*

*Administration of the Debtors' Chapter 11 Cases* (Case No. 16-35571, Docket No. 24).

15.     The Debtors continue to operate their businesses after the Petition Date as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

16.     No trustee or examiner has yet been requested or appointed in these proceedings.

17.     On December 16, 2016, this Court entered its *Final Order Pursuant to 11 U.S.C.*

*§§ 105, 361, 362, 363(c), 363(d), 364, and 507 and Bankruptcy Rules 2002, 4001 and 9014 (i)*

*Authorizing the Debtors To Obtain Senior Secured, Superpriority, Post-Petition Financing, (ii)*

*Authorizing Use of Cash Collateral, (iii) Granting Priming Liens, Priority Liens, and Super-Priority Claims, and (iv) Granting Adequate Protection to Prepetition Secured Parties* (Case No. 16-35571, Docket No. 190) (the "Final DIP Order").   The Final DIP Order authorized the Debtors to use cash collateral and access up to $50 million of post-petition financing on a priming and superpriority basis from Morgan Stanley Capital (of which $32 million consists of a roll-up of advances outstanding under the Prepetition First Lien Credit Agreement).

18.      Paragraph No. 8 of the Final DIP Order expressly states that the DIP liens granted to Morgan Stanley Capital do not prime valid, perfected, and unavoidable liens in existence prepetition and senior to the liens granted by the Prepetition First Lien Credit Agreement:

> Pursuant to section 364(c)(3) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully perfected junior lien on, and security interest in, all tangible and intangible prepetition and post-petition property in which the Debtors have an interest (other than the property described in paragraph 8(c), as to which the DIP Liens will be as described in such clause), whether now existing or hereafter acquired and all proceeds thereof, that is subject to valid, perfected and unavoidable liens in existence immediately prior to the Petition Date or to valid and unavoidable liens in existence immediately prior to the Petition Date that are perfected after the Petition Date as permitted by section 546(b) of the Bankruptcy Code and are senior to the liens of the Prepetition First Lien Agent (collectively, the "**Non-Primed Liens**"), which security interests and liens in favor of the DIP Agent and the DIP Lenders shall be junior to the Non-Primed Liens.

Final DIP Order, ¶ 8(b).

19.      The Final DIP Order included a provision stating:

> Liens Junior to Certain Existing Liens.  The stipulations and admissions contained in this Order, including without limitation, in paragraphs 4 and 13 of this Order, shall be binding upon all parties in interest unless (a) any party-in-interest (a "**Challenge Party**") that successfully seeks and obtains standing to do so has timely filed an adversary proceeding or contested matter (subject to the limitations contained herein, including without limitation, in this paragraph 19) (a "**Challenge**") by the later of (a) seventy-five (75) days after entry of the Interim Order and (b) sixty (60) days after the formation of the Committee (the "**Challenge Period**"); *provided that* the Challenge Period is subject to extension as may be specified by this Court for cause shown, or if the Prepetition First Lien Agent agrees to such an extension with respect to any Claims and Defenses in

respect of the Prepetition First Lien Obligations, (i) challenging the validity, enforceability, priority or extent of the Prepetition First Lien Obligations or the liens on Prepetition Collateral securing the Prepetition First Lien Obligations or (ii) otherwise asserting or prosecuting any Avoidance Actions or any other claims, counterclaim or causes of action, objections, contests or defenses (collectively, the **"Claims and Defenses"**) against any of the Prepetition First Lien Secured Parties or their respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors, each in their capacity as such, in connection with any matter related to the Prepetition First Lien Obligations, or the Prepetition Collateral and (b) and order is entered and becomes final in favor of the Challenge Party sustaining any such Challenge; *provided that*, subject to this paragraph 19, as to the Debtors, all such Claims and Defenses, are hereby irrevocably waived, released and relinquished as of the Petition Date; *provided further, that* the Challenge Period shall not be applicable to any chapter 7 or 11 trustee appointed or elected for any of the Debtors.

Final DIP Order, ¶ 19(a).

20.     By filing this Complaint, Halliburton, in accordance with Paragraph No. 19 of the Final DIP Order, challenges the validity, enforceability, priority or extent of Morgan Stanley's liens on Prepetition Collateral, and also challenges the validity, enforceability, priority or extent of Highbridge's liens on Prepetition Collateral.

21.     Halliburton further seeks a determination that its liens and privileges constitute "Non-Primed Liens" as defined in paragraph 8(b) of the Final DIP Order and are, therefore, senior in rank to the DIP Liens (as defined in the Final DIP Order).  *See* Final DIP Order, ¶ 8(b).

**B.     The statutory liens and claims of Halliburton against the Encumbered Properties.**

22.     Prior to the Petition Date, and beginning on the first date(s) of service (the "Inception Dates"), Halliburton provided labor, equipment, services, and supplies to the Debtors in support of the Debtors' development, exploration, maintenance, and operations, including drilling, completion, testing, and production of the Oil and Gas Properties.

23.     More specifically, since the Inception Dates, Halliburton has labor, equipment, services, and supplies as early as the period from 2009 through 2013, and continuous and

uninterrupted ongoing production-related services on each of the Oil and Gas Properties from the time of acquisition through the Petition Date.

24.     Halliburton is afforded a lien and privilege by operation of LOWLA to secure payment for the labor, equipment, services, and supplies provided by Halliburton to the Debtors for use in connection with the Debtors' development, exploration, maintenance, and operations, including drilling, completion, testing, and production, of oil and gas wells, including the Oil and Gas Properties, for the amount due for the labor, supplies, and services, including principal and interest, and for the costs of preparing and recording the privilege, or any notice of *lis pendens* and reasonable attorneys' fees not to exceed ten percent (10%).  *See* La. Rev. Stat. Ann. § 9:4862(B).

25.     As of the Petition Date, the Debtors have failed to pay Halliburton for services it provided in connection with the development, exploration, maintenance, and operation of the Oil and Gas Properties prior to the Petition Date in the cumulative amount of not less than $125,606.32, exclusive of post-petition interest, attorneys' fees and costs.  *See* Exhibit 1.

26.     In accordance with applicable law, Halliburton timely perfected its automatically arising privilege under LOWLA with respect to the Encumbered Properties by filing the lien affidavits described in Exhibit 1 (collectively, the "Halliburton Lien Affidavits").  *See* La. Rev. Stat. Ann. § 9:4865(A)(1).

27.     On January 20, 2017, and pursuant to La. R.S. § 9:4865(B) and/or 11 U.S.C. § 546(b)(1), Halliburton timely perfected, maintained, and continued the perfection of and provided notice of intention to enforce its liens and privileges against the Encumbered Properties, together with any associated proceeds, products, offspring, rents, or profits, by filing its proof of claim in the Bankruptcy Case (Case No. 16-33571, Claim No. 115; Case No. 16-

35579, Claim No. 44) and a notice pursuant to §546(b) in the Bankruptcy Case (Case No. 16-35571, Docket No. 322).

### C.    Morgan Stanley Energy's Mortgages

28.    According to the *Declaration of Daniel P. Hurley in Support of First Day Pleadings*, sworn to November 2, 2016 (Case No. 16-35571, Docket No. 17) (the "Hurley Decl."), in mid-2015, the Debtors' then-first lien lender group, Union Bank N.A., "indicated they would like to be taken out of their position." *See* Hurley Decl., ¶ 16. "In October 2015 . . . Morgan Stanley replaced the lender group with an un-syndicated RBL which had an initial borrowing base of $157 million." *Id.*

29.    The Prepetition First Lien Credit Agreement "provides up to $200 million of loans under a revolving basis, subject to a borrowing base, with an initial borrowing base of $157,000,000." *Id.* ¶ 25.

30.    Shoreline Southeast and Shoreline Offshore, as mortgagors, granted Morgan Stanley Energy a mortgage on substantially all of their assets,[3] as memorialized in that certain *Act of Second Amended and Restated Mortgage, Security Agreement, Assignment of Production, and Financing Statement and Fixture Filing*, dated effective as of October 16, 2015 (the "Southeast Morgan Stanley Mortgage") and *Act of Second Amended and Restated Mortgage, Security Agreement, Assignment of Production, and Financing Statement and Fixture Filing*, dated effective as of October 16, 2015 (the "Offshore Morgan Stanley Mortgage," and together with the Southeast Morgan Stanley Mortgage, the "Morgan Stanley Mortgages").

31.    Upon information and belief, the Southeast Morgan Stanley Mortgage was recorded in the mortgage records for the following relevant parishes in Louisiana:  Calcasieu,

---

[3] According to Daniel Hurley, "[w]hile the Prepetition First Lien Credit Agreement is secured by a lien on substantially all of the Debtors' assets, the Debtors reviewed their books and records and have determined that a few of their leases may be unmortgaged as of the Petition Date."  Hurley Decl. ¶ 26.

Cameron, Iberia, Jefferson Davis, Lafourche, Plaquemines, Saint Mary, Terrebonne, and Vermillion.

32.     Upon information and belief, the Offshore Morgan Stanley Mortgage was recorded in the mortgage records for the following relevant parishes in Louisiana:  Iberia and Saint Mary.

33.     Upon information and belief, MUFG Union Bank, N.A. f/k/a/ Union Bank, N.A. ("MUFG") executed an Act of Assignment of Mortgages in favor of Morgan Stanley Energy on or about October 16, 2015, ostensibly transferring to Morgan Stanley Energy all of MUFG's right, title, and interest related to the first lien indebtedness and all associated security interests and liens as reflected in the mortgages granted in favor of MUFG (the "MUFG Mortgages").

34.     Upon information and belief, the Prepetition First Lien Credit Agreement and the Morgan Stanley Mortgages extinguished the Debtors' then-existing indebtedness and liens granted to MUFG by payment or novation by substituting a new and materially different obligation in favor of Morgan Stanley that increased the amount of indebtedness and substituted entirely the obligations existing under the prior credit agreement, the MUFG Mortgages, and any other security arrangements between the Debtors and MUFG.

35.     Upon information and belief, the Prepetition First Lien Credit Agreement created new obligations such that the Morgan Stanley Mortgages cannot relate back to the MUFG Mortgages; upon further information and belief, the Morgan Stanley Mortgages secured a maximum aggregate principal amount greater than that secured by the MUFG Mortgages. Because the maximum indebtedness secured by the Morgan Stanley Mortgages increased, Morgan Stanley Energy's lien position is ranked as of the date of recording of the Morgan Stanley Mortgages.

36. In the further alternative, upon information and belief, the assignment to Morgan Stanley of the liens and security interests existing in favor of the MUFG constituted a naked assignment of mere lien position, as opposed to an assignment of existing indebtedness, which is invalid under Louisiana law.

37. Upon information and belief, MUFG was not the Debtors' initial first lien lender and mortgagee, but instead was also a purported assignee of the rights, title, and interests of additional predecessor first lien lenders and mortgagees, including, without limitation, Whitney National Bank and Wells Fargo Energy Capital, Inc. (collectively, the "Predecessor Mortgagees").

38. Upon information and belief, each of the assignments of the liens and security interests existing by and between the Predecessor Mortgagees extinguished the Debtors' then-existing indebtedness and liens granted to the relevant Predecessor Mortgagee by payment or novation by substituting a new and materially different obligation that increased the amount of indebtedness and substituted entirely the obligations existing under the prior mortgages and any other security arrangements between the Debtors and the relevant Predecessor Mortgagee.

39. Upon information and belief, each of the purported assignments of the liens and security interests existing in favor of the Predecessor Mortgagees constituted naked assignments of a mere lien position, as opposed to an assignment of existing indebtedness and the accessory lien obligations, which is invalid under Louisiana law.

**D.    Highbridge's Mortgage**

43. The Prepetition Second Lien Credit Agreement, dated effective as of September 30, 2013, executed between Debtors and MUFG, provides for $180 million of term loans. *See* Hurley Decl. ¶¶ 27–28.

44.   Upon information and belief, MUFG executed an *Assignment of Liens and Security Interests* in favor of Highbridge on or about October 16, 2015, ostensibly transferring to Highbridge all right, title and interest related to the Prepetition Second Lien Credit Agreement and all associated security interests and liens.

45.   Upon information and belief, Shoreline Southeast, as mortgagor, granted a second mortgage in favor of Highbridge on substantially all of its assets, memorialized in that certain *Amended and Restated Mortgage, Assignment of Production, Security Agreement, Fixture Filing and Financing Statement*, dated as of October 16, 2015 (the "Southeast Highbridge Mortgage"), which Highbridge recorded in the following relevant parishes in Louisiana:  Allen, Assumption, Calcasieu, Cameron, Iberia, Jefferson, Jefferson Davis, Lafayette, Lafourche, Plaquemines, St. Charles, St. Martin, St. Mary, Terrebonne, Vermilion, and West Baton Rouge.

46.   Upon information and belief, Shoreline Offshore, as mortgagor, granted a second mortgage in favor of Highbridge on substantially all of its assets, memorialized in that certain *Amended and Restated Mortgage, Assignment of Production, Security Agreement, Fixture Filing and Financing Statement*, dated as of October 16, 2015 (the "Offshore Highbridge Mortgage," and collectively with the Southeast Highbridge Mortgage, the "Highbridge Mortgages"), which Highbridge recorded in the following relevant parishes in Louisiana:  Cameron, Iberia, St. Mary, and Terrebonne.

47.   Upon information and belief, the Highbridge Mortgages created a novation of the Debtors' then-existing obligations under the prior mortgages existing in favor of MUFG because the transaction served to substitute entirely the obligations existing under the prior mortgages existing between the Debtors and MUFG.

48.     Alternatively, upon information and belief, the assignment to Highbridge of the liens and security interests existing in favor of MUFG constituted a naked assignment of a mere lien position, as opposed to an assignment of both existing indebtedness and the accessory lien obligations, which is invalid under Louisiana law.

## CAUSES OF ACTION

## COUNT 1 — DECLARATORY JUDGMENT REGARDING VALIDITY, EXTENT, PRIORITY, ENFORCEABILITY, AND AMOUNT OF HALLIBURTON'S STATUTORY LIENS

49.     Halliburton incorporates each of the factual allegations listed above in this Count as if fully set forth verbatim.

50.     As set forth above, Halliburton holds valid and perfected statutory liens and privileges, under LOWLA which fully secures the principal amount of the Debtors' indebtedness to Halliburton for labor, supplies, and services on the Oil and Gas Properties, including principal and interest, and for the costs of preparing and recording the privilege, or any notice of *lis pendens* and reasonable attorneys' fees not to exceed ten percent (10%).

51.     Further, Halliburton's statutory liens are senior to those of Morgan Stanley Energy and Highbridge, as Halliburton's statutory liens' Inception Dates possibly predate those of Morgan Stanley Energy and Highbridge.  Halliburton's statutory liens are senior to those of Morgan Stanley Capital under the terms of the Final DIP Order.

52.     Accordingly, Halliburton seeks a declaratory judgment establishing the validity, extent, priority, enforceability, and amount of Halliburton's statutory liens and allowed secured claim.

**COUNT 2 — DECLARATORY JUDGMENT REGARDING LIEN PRIORITY OF HALLIBURTON'S STATUTORY LIENS VERSUS THE MORGAN STANLEY MORTGAGES**

44.     Halliburton incorporates each of the factual allegations listed above in this Count as if fully set forth verbatim.

45.     Halliburton seeks a declaratory judgment that its statutory liens are senior to the liens granted under the Morgan Stanley Mortgages.

**COUNT 3 — DECLARATORY JUDGMENT REGARDING LIEN PRIORITY OF THE STATUTORY LIENS OF HALLIBURTON VERSUS THE HIGHBRIDGE MORTGAGES**

44.     Halliburton incorporates each of the factual allegations listed above in this Count as if fully set forth verbatim.

45.     Halliburton seeks a declaratory judgment that its statutory liens are senior to the liens granted under the Highbridge Mortgages.

**COUNT 4 — DECLARATORY JUDGMENT REGARDING LIEN PRIORITY OF THE STATUTORY LIENS OF HALLIBURTON VERSUS DIP LIENS**

46.     Halliburton incorporates each of the factual allegations listed above in this Count as if fully set forth verbatim.

47.     Halliburton seeks a declaratory judgment that its statutory liens are senior to the liens granted under the Final DIP Order, the DIP Credit Agreement, and associated mortgage or security documents.

## PRAYER

WHEREFORE, Halliburton Energy Services, Inc., Plaintiff, respectfully requests that this Court enter judgment in its favor, grant the declarations and relief requested herein, and attorneys' fees and costs to the extent permitted by applicable law.  Plaintiff respectfully requests such other and further relief to which Plaintiff is entitled at law or in equity.

Dated:  January 23, 2017                     Respectfully submitted:

                                       WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

                                       By:    /s/ Jeff Carruth
                                          JEFF CARRUTH (TX SBN:. 24001846)
                                          Eleven Greenway Plaza, Suite 1400
                                          Houston, TX 77046
                                          Telephone: (713) 341-1158
                                          Fax: (866) 666-5322
                                          E-mail:  jcarruth@wkpz.com

                                       ATTORNEYS FOR
                                       HALLIBURTON ENERGY SERVICES, INC.

# EXHIBIT 1

# Lafourche Parish Recording Page

**Annette M. Fontana**
**CLERK OF COURT**
PO BOX 818
303 W 3rd St
Thibodaux, LA  70302
(985) 447-4841

**First MORTGAGOR**

SHORELINE SOUTHEAST LLC

**First MORTGAGEE**

-HALLIBURTON ENERGY SERVICES INC

Index Type :    MORTGAGE                     Inst Number : 1227757

Type of Document : LIEN

Recording Pages :              5          Book :  1808      Page :   222

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Lafourche Parish, Louisiana

On (Recorded Date) : 10/07/2016

At (Recorded Time) : 10:20:45AM

CLERK OF COURT
ANNETTE M. FONTANA
Parish of Lafourche
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 10/07/2016 at 10:20:45
Recorded in Book  1808  Page  222
File Number    1227757

Doc ID - 032719800005

*Brandy M Hibbert*

Deputy Clerk

Do not Detach this Recording Page from Original Document

# Lafourche Parish Recording Page

**Annette M. Fontana**
**CLERK OF COURT**
PO BOX 818
303 W 3rd St
Thibodaux, LA 70302
(985) 447-4841

**First MORTGAGOR**

SHORELINE SOUTHEAST LLC

**First MORTGAGEE**

-HALLIBURTON ENERGY SERVICES INC

Index Type :    MORTGAGE

Type of Document : LIEN

Recording Pages :            5

Inst Number : 1227757

Book : 1808      Page :   222

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Lafourche Parish, Louisiana

On (Recorded Date) : 10/07/2016

At (Recorded Time) : 10:20:45AM

Deputy Clerk

Doc ID - 032719800005

**STATEMENT OF PRIVILEGE**
**FOR**
**OIL AND GAS WELL LIEN PURSUANT TO**
**LOUISIANA REVISED STATUTES 9:4868**

STATE OF LOUISIANA

LAFOURCHE PARISH

The undersigned, Evangelos Kleftakis, of lawful age, being by me first duly sworn according to law, deposes and says:

Name of Claimant. My name is Evangelos Kleftakis and I am Director, Halliburton Global Financial Services, for Halliburton Energy Services, Inc., whose mailing address is 3000 N Sam Houston Pkwy E, Houston, TX 77032-3219 (together with its affiliated entities, "Claimant"). I have personal knowledge of the facts set forth below and am competent and authorized to make this Affidavit on behalf of Claimant.

Amount and Nature of Obligation for which the Privilege is Claimed: At the request of Shoreline Southeast LLC, Claimant has performed labor or services and has furnished material, machinery, or oil well supplies used in the digging, drilling, torpedoing, completing, operating, or repairing of the State Lease #20783-002, Lafourche Parish, Louisiana (collectively, the "Mineral Property"), for Shoreline Southeast LLC as operator, and for the other mineral property owners of the Mineral Property, for improvements to the oil and gas leasehold estate and property described herein below and in particular for the Mineral Property located thereon (and being the specific improvements for which the services were rendered and labor, equipment, and/or materials were furnished and all for which the indebtedness to Claimant was incurred by Shoreline Southeast LLC). Attached hereto as Exhibit "A" and made a part hereof for all purposes are photocopies of Claimant's invoices, which represent an accurate description of the above noted labor, services, material, machinery, or oil well supplies furnished to Shoreline Southeast LLC for the digging, drilling, torpedoing, completing, operating, or repairing of the Property and the dates of performance.

After allowing all just credits and offsets, the amount of $124,599.52 remains unpaid and is due and owing under the above described account.

Name and Address of Person Owing Such Amount:
Shoreline Southeast LLC
400 E. Kaliste Saloom Rd.
Lafayette, Louisiana 70560

Name of the Operator of the Well: Shoreline Southeast LLC

<u>Description of the Operating Interest upon which the privilege is claimed:</u>
State Lease 20783-002, API #17057232230000, Lafourche Parish, Louisiana

Pursuant to **LOUISIANA REVISED STATUTES 9:4868,** Claimant hereby claims a lien upon the Mineral Property and upon the following properties, to wit:

1.     The material, machinery, and supplies furnished or hauled by Claimant for the above referenced well;

2.     The land, leasehold, oil and gas well, water well, oil or gas pipeline and its right of way, and a lease for oil and gas properties for which the labor was performed or material, machinery, or supplies were furnished or hauled, and the building and appurtenances on Mineral Property;

3.     Other material, machinery and supplies used for mineral activities and owned by the owner of the property;

4.     Other wells and pipelines used in operations related to oil, gas and minerals and located on the Mineral Property.

The references in this Affidavit to **LOUISIANA REVISED STATUTES 9:4863** shall not impair, diminish nor adversely affect in any way any other lien to which Claimant may be entitled by statute or by virtue of the Constitution of the State of Louisiana nor any other remedy available to Claimant at law or in equity.

By:
Name:  Evangelos Kleftakis
Title:   Director, Halliburton Global Financial
          Services
          Halliburton Energy Services, Inc.

THE STATE OF TEXAS

COUNTY OF HARRIS

     Before me, a Notary Public in and for this state, on this *October 5*, 2016, personally appeared Evangelos Kleftakis, to me known to be the identical person who subscribed the name of the maker thereof to the foregoing instrument as a Director for Halliburton Global Financial Services, for Halliburton Energy Services, Inc., and acknowledged to me that he executed the same as his free and voluntary act and deed, and as the free and voluntary act and deed of the entity for the uses and purposes therein set forth.



Notary Public, State of Texas

My commission expires on _05-21-18_.

CLARICE J. GRAY
Notary Public, State of Texas
My Commission Expires
May 21, 2018

## HALLIBURTON ENERGY SERVICES, INC.
### Houston, Texas

IN ACCOUNT WITH:    **Shoreline Southeast LLC**
                            **400 E Kaliste Saloom Rd**
                            **Lafayette, LA 70560**

LEASE:        **STATE LEASE#20783-002, LAFOURCHE PARISH, LOUISIANA**

| LEASE NO. | SERVICE DATE(S) | INVOICE NO. | ITEM | AMOUNT |
|---|---|---|---|---|
| SL20783-002 | 04/12/2016 | 9502553232 | CPS PACKER SERVICE | $122,485.39 |

|  |  |
|---|---|
| PRINCIPAL (Balance) | $122,485.39 |
| INTEREST THRU 10/03/16 | $ 2,114.13 |
| TOTAL | $124,599.52 |
| DAILY INTEREST RATE | $ 33.56 |

### EXHIBIT "A"
### 1 OF 1